■ IRENE MILBERG, as Administratrix of the Estate of LENA KASTLE, Deceased, Appellant, v. WILLIAM LEHRICH, Individually and Doing Business as PARKWAY NURSING HOME, et al., Respondents.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeals are from an order dated February 2, 1956, denying appellant's motion for a discovery and inspection of the records of the respondent corporation relating to her intestate, and from an order dated March 6, 1956, adhering on reargument to the original determination. Order dated March 6, 1956 affirmed, without costs. If appellant desires to inspect the records of respondents, pursuant to section 324 of the Civil Practice Act, she should specify in her papers in support of the application the specific records and documents to be produced for examination and demonstrate that they will be relevant to the issues and admissible in evidence on the trial. Appellant has been granted an examination of respondents before trial, and on that examination respondents have been directed to produce certain records for the purposes specified in section 296 of the Civil Practice Act. Appellant may, if so advised, renew her application for discovery and inspection after the conclusion of that examination, on papers sufficient to demonstrate the necessity therefor, and which shall specifically designate the records to be produced. Appeal from order dated February 2, 1956, dismissed, without costs. Since an appeal has been taken from the order of March 6, 1956, the order of February 2, 1956 is not appeal-

able. (*Frischman* v. *Frischman*, 275 App. Div. 860; *Rizzo* v. *Rizzo*, 277 App. Div. 888.) Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.